IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE ALBERT SMITH                                                    PETITIONER

VS.                                               CIVIL ACTION NO. 3:15cv354-DPJ-FKB

STATE OF MISSISSIPPI, et al.                                         RESPONDENTS

## **REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for writ of habeas corpus filed by Willie Albert Smith and Respondent's motion to dismiss the petition as untimely. Having considered the petition and motion, the undersigned recommends that the motion be granted and the petition be dismissed with prejudice.

The course of Smith's criminal proceedings is lengthy and complex. However, because the issues before this court are relatively uncomplicated, that history is summarized here only briefly. In 1981, Smith was indicted in the First Judicial District of the Circuit Court of Hinds County, Mississippi, for the crime of capital murder during the course of a robbery. He was convicted and sentenced to death. Both his conviction and sentence were affirmed on direct appeal, and his applications for post-conviction relief were denied. Thereafter, he sought habeas relief in this court. Relief was denied, and the Fifth Circuit affirmed. However, on March 23, 1992, the Supreme Court granted certiorari, vacated Smith's sentence, and remanded to the Fifth Circuit for further consideration in light of *Stringer v. Black*, 503 U.S. 222 (1992). Upon remand, the Fifth Circuit vacated the judgment of this court as it pertained to the death sentence and remanded with instructions that the writ be issued unless appropriate proceedings were initiated by the

state within a reasonable length of time. The district court judgment was in all other respects affirmed. This court granted habeas relief on November 23, 1992. After procedural detours lasting nearly six years, on October 19, 1998, a new sentencing hearing was held in state court, and Smith was sentenced to life imprisonment.

On October 19, 1998, the same day as the re-sentencing, the state filed informations against Smith charging him with the kidnapping and rape of the murder victim. On that same day, Smith pleaded guilty to the two charges and was sentenced to terms of 30 years and 20 years, respectively, the sentences to run consecutively to the life sentence.

In his present petition, Smith challenges his convictions and sentences for kidnapping and rape. As his single ground for relief, he alleges that his attorney rendered ineffective assistance in allowing him to be charged with and plead guilty to these crimes 18 years after they allegedly occurred.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] On the first page of his petition, in response to the question as to the conviction he is challenging, Smith references his murder conviction in addition to his convictions for kidnapping and armed robbery. However, his ground for relief is clearly directed at only these latter two convictions. In any event, any challenge to his murder conviction would be barred as successive, as he challenged that conviction in his previous habeas petition. A challenge to his life sentence would be both untimely and barred pursuant to *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995).
.

2

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Smith's convictions for kidnapping and rape became final, at the latest, on November 18, 1998, thirty days after he was sentenced.[2] He had one year from that date, or until November 18, 1999, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court. Smith failed to file a post-conviction motion on or before November 18,

---

[2] By statute, there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. However, at the time of Smith's guilty pleas, the Mississippi Supreme Court recognized an exception to this prohibition, allowing an appeal within thirty days of the sentencing order when the issue concerned an allegedly illegal sentence. *See, e.g.*, *Acker v. State,* 797 So. 2d 966 (Miss. 2001). (This exception no longer exists for guilty pleas taken after July 1, 2008. *See Seal v. State*, 38 So. 3d 635 (Miss. App. 2010)). Therefore, at the latest, pursuant to *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003), Smith's conviction became final when his thirty-day period for seeking review of the sentences expired.

1999. Thus, his one year expired on that date. He filed his petition with this court on or after May 2, 2015.[3] Therefore, his habeas petition is untimely by over 15 years.

Furthermore, Smith's claim is procedurally barred. Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the substance of the federal claim set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Smith has never challenged his kidnapping and rape convictions and sentences in state court, and there is no longer any avenue of relief available to him in state court, as any appeal or motion for post-conviction relief would be untimely. *See* Miss. Code Ann. § 99-39-5(2) (providing that a motion for post-conviction relief challenging conviction or sentence following a guilty plea must be made within three years after entry of the judgment of conviction). Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Thus, because Smith's claims would now be procedurally barred in state court, they have been

---

[3] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999). Thus, Smith's petition was "filed" sometime between the date it was signed, May 2, 2015, and the date it was received and filed by the district court, May 11, 2015.

4

procedurally defaulted for purposes of federal habeas review, and this court may not review their merits absent a showing of either cause for and prejudice from the default, or that failure to consider his claims would result in a fundamental miscarriage of justice. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Smith has made no showing that either of these exceptions is applicable.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 19th day of January, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE